IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KIM GREER,                         )
individually and on behalf of all  )
others similarly situated,         )
                                   )
                                   )
           Plaintiff,              )
                                   )
     v.                            )     1:25cv127
                                   )
POWERSCHOOL HOLDINGS, INC. and     )
POWERSCHOOL GROUP LLC,             )
                                   )
           Defendants.             )
```

### MEMORANDUM OPINION AND ORDER

This case comes before the Court in connection with the Corporate Disclosure Statements (Docket Entries 11-12) (each, a "Disclosure Statement" and collectively, the "Disclosure Statements") filed by PowerSchool Holdings, Inc. (at times, "PowerSchool Holdings") and PowerSchool Group LLC (collectively, the "Defendants"). For the reasons that follow, the Court will direct Defendants to promptly supplement the Disclosure Statements.

### BACKGROUND

On February 20, 2025, Kim Greer (the "Plaintiff") filed a putative class action against Defendants regarding a cybersecurity incident that Defendants experienced in 2024. (See Docket Entry 1 (the "Complaint") at 1-56.)[1] On March 11, 2025, Defendants, with Plaintiff's consent, moved to extend their time to respond to the

---

1 Docket Entry page citations utilize the CM/ECF footer's pagination.

Complaint until the Judicial Panel on Multidistrict Litigation rules on a pending motion to transfer and consolidate multiple putative class actions against Defendants regarding the incident. (See Docket Entry 7 at 1-5.)  On March 12, 2025, the Court granted that request.  (See Docket Entry 8 at 1-2.)  On March 13, 2025, Defendants filed the Disclosure Statements.  (See Docket Entries 11-12.)

As relevant here, the Court's form Corporate Disclosure Statement directs each non-governmental artificial entity to complete the disclosure form and notes that "counsel have a continuing duty to update th[e] information" in the form.  (Docket Entry 11 at 1 (all-cap font omitted); accord Docket Entry 12 at 1 (all-cap font omitted).)[2]  Question 2 on this form asks whether the completing "party ha[s] any parent entities" and instructs, "[i]f yes, identify all parent entities including grandparent, great-grandparent, etc."  (Docket Entry 11 at 1; Docket Entry 12 at 1.) Question 3 asks whether the party possesses "any subsidiary or other affiliate entities (corporate or otherwise) that might be affected by the proceeding" and, if so, requires their identification.  (Docket Entry 11 at 2; Docket Entry 12 at 2.) Finally, Question 6 provides:

---

2   The Corporate Disclosure form appears at https://www.ncmd.uscourts.gov/sites/ncmd/files/forms/Disclosure.pdf (last visited Apr. 2, 2025).

2

> <u>In all cases</u>, pursuant to Fed. R. Civ. P. 7.1(a)(2) and
> Local Rule 7.7(a)(2), the following is a list of all
> members or partners of _____ and,
> in diversity cases,          (name of LLC or LP party)
> their states of citizenship:
>
> _____   _____
> (name of member or partner)         (state of citizenship)
> _____   _____
> (name of member or partner)         (state of citizenship)
> _____   _____
> (name of member or partner)         (state of citizenship)
> _____   _____
> (name of member or partner)         (state of citizenship)
>
> Note: If there are additional members or partners, provide their names, and in diversity cases states of citizenship, on a separate page. If any of the members or partners are an LLC or LP, provide the names, and in diversity cases states of citizenship, of the members or partners on a separate page, using the same method to identify the citizenship of members or partners through any layered entities, traced back to corporations or individuals. *See Capps v. Newmark Southern Region, LLC*, [53 F.4th 299] (4th Cir. [2022]).

(Docket Entry 11 at 2-3 (certain spacing adjusted) (emphasis in original); <u>see also</u> Docket Entry 12 at 2-3.)

PowerSchool Holdings answered yes to Question 2, identifying its parent entities as follows:

> PowerSchool Holdings, Inc. is a wholly owned subsidiary of BCPE Polymath Buyer, Inc. ("BCPE Buyer"), a Delaware corporation. BCPE Buyer is a wholly owned subsidiary of BCPE Polymath Intermediate, LLC, a Delaware limited liability company, whose sole member is BCPE Polymath Parent, LLC ("BCPE Parent"), a Delaware limited liability company. BCPE Parent's <u>majority</u> member is <u>majority-owned by certain funds and entities advised by</u> Bain Capital, a private equity firm based in Boston, Massachusetts. <u>Certain</u> of BCPE Parent's <u>minority members are owned and controlled by funds affiliated with</u> Vista Equity <u>Partners</u>, a private equity firm based in Austin, Texas,

3

and Onex Corporation, a private equity firm based in
Toronto, Canada.

(Docket Entry 11 at 1 (emphasis added).) In Question 3, PowerSchool Holdings identified "PowerSchool Group LLC" as a subsidiary or affiliated entity potentially impacted by the proceedings, but it answered "N/A" for Question 6. (Id. at 2.)

For its part, PowerSchool Group answered Question 2 affirmatively, stating:

> PowerSchool Group LLC is a Delaware limited liability company, whose sole member is Severin Acquisition, LLC ("Severin"). Severin is a Delaware limited liability company, whose sole member is PowerSchool Holdings LLC. PowerSchool Holdings LLC is a Delaware <u>limited liability company majority-owned</u> by Pinnacle Holdco Corporation, a Delaware corporation that is a wholly owned subsidiary of PowerSchool Holdings, Inc. PowerSchool Holdings, Inc. is a wholly owned subsidiary of [BCPE Buyer], a Delaware corporation. . . . BCPE Buyer is a wholly owned subsidiary of BCPE Polymath Intermediate, LLC, a Delaware limited liability company, whose sole member is [BCPE Parent], a Delaware limited liability company. BCPE Parent's <u>majority</u> member is <u>majority-owned by certain funds and entities advised by</u> Bain Capital, a private equity firm based in Boston, Massachusetts. <u>Certain</u> of BCPE Parent's <u>minority</u> members are <u>owned and controlled by funds affiliated with</u> Vista Equity <u>Partners</u>, a private equity firm based in Austin, Texas, and Onex Corporation, a private equity firm based in Toronto, Canada.

(Docket Entry 12 at 1-2.) In response to Question 3, PowerSchool Group identified PowerSchool Holdings as a potentially impacted subsidiary or affiliated entity. (Id. at 2.) As for Question 6, however, PowerSchool Group answered solely "Severin Acquisition, LLC," to which it ascribed Delaware citizenship. (Id.)

4

**DISCUSSION**

Rule 7.1 of the Federal Rules of Civil Procedure (the "Rules") obliges each "nongovernmental corporate party" to "file a statement that[,]" as relevant here, "identifies any parent corporation." Fed. R. Civ. P. 7.1(a)(1)(A). The party must "file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the [C]ourt." Fed. R. Civ. P. 7.1(b)(1). It must also "promptly file a supplemental statement if any required information changes." Fed. R. Civ. P. 7.1(b)(2). Modeled after similar appellate disclosure obligations, Rule 7.1 seeks information necessary for judicial recusal determinations. See, e.g., Fed. R. Civ. P. 7.1 advisory committee's notes, 2002 Adoption ("The information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c)."); see also Domain Prot., L.L.C. v. Sea Wasp, L.L.C., 23 F.4th 529, 542 (5th Cir. 2022) ("[T]he corporate relationships that must be disclosed under Rule 7.1 are those that might warrant a judge's disqualification based on a holding in such an entity.").

In turn, this Court's Local Rules oblige each "nongovernmental corporation, . . . limited liability company, or other similar entity" appearing in this Court to "file a statement that," as

5

relevant here, "identifies all its parent entities, and any subsidiary or other affiliate entities (corporate or otherwise) that might be affected by the proceeding." M.D.N.C. LR 7.7(a)(1). The disclosure statement must also "identif[y] the name and, in diversity cases the citizenship of, all parties in the partnerships, general or limited, or owners or members of non-publicly traded entities such as LLCs or other closely held entities." M.D.N.C. LR 7.7(a)(2). If necessary, a party can seek to file this information under seal. See M.D.N.C. LR 7.7(c) ("A party asserting a privacy interest in this information may file the disclosure statement under seal and must contemporaneously file a Motion to Seal setting out the basis for the request in compliance with Local Rule 5.4.").

The Disclosure Statements fail to comply with the requirements of Rule 7.1 and Local Rule 7.7. For instance, the Disclosure Statements do not name the "certain funds and entities advised by Bain Capital" that comprise the "majority-owne[rs]" of the "majority member" of BCPE Parent, a limited liability company. (Docket Entry 11 at 1; Docket Entry 12 at 2.) They likewise fail to name the "funds affiliated with Vista Equity Partners" and "Onex Corporation" that "own[] and control[]" "[c]ertain of BCPE Parent's minority members." (Docket Entry 11 at 1 (emphasis added); Docket Entry 12 at 2 (emphasis added).) In addition, they fail to name both the minority member(s) of "BCPE Parent's majority member" and

6

the remaining minority member(s) of BCPE Parent itself. (Docket Entry 11 at 1; Docket Entry 12 at 2.) PowerSchool Group's Disclosure Statement also fails to identify the minority members of PowerSchool Holdings LLC. (See Docket Entry 12 at 1-2.) The Court will therefore order Defendants to promptly supplement their Disclosure Statements. See M.D.N.C. LR 83.4(a) (authorizing sanctions, including issuance of "such orders as are just under the circumstances of the case," for failure to comply with Local Rules).

## CONCLUSION

Defendants failed to comply with their disclosure obligations under Rule 7.1 and Local Rule 7.7.

**IT IS THEREFORE ORDERED** that, on or before April 18, 2025, Defendants shall file updated Disclosure Statements that identify by name each of their parent entities, including <u>all</u> owners and members of any limited liability companies, partnerships, or similar non-publicly traded closely held entities.

This 2nd day of April, 2025.

                              /s/ L. Patrick Auld
                                **L. Patrick Auld**
                        **United States Magistrate Judge**

7

Case 1:25-cv-00127-TDS-LPA   Document 13   Filed 04/02/25   Page 7 of 7